UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Lisa Baldwin,

                            Plaintiff,

                                                                    **DECISION AND ORDER**
                                                                           14-CV-755S

           v.

United States of America,

                            Defendant.

        For the third time in a year, the Court finds itself addressing a non-dispositive motion to

compel in this case, filed by defendant, under Rule 37 of the Federal Rules of Civil Procedure.

The claim seems simple enough: On April 13, 2013, plaintiff Lisa Baldwin ("Baldwin") was in her

motor vehicle when she was rear-ended by a postal service vehicle owned by defendant and driven

by someone acting within the scope of his employment at the time of the accident.  (*See* Dkt. No. 1

at 1; Dkt. No. 21 at 2.)  The attorneys of record have been personable in court and generally seem

to be getting along with each other.  In all other respects, the case does not seem to have any

contentious issues.

        Yet the case has an unfortunate history of starts and stops due to Baldwin's delays in

producing discovery.  On May 29, 2015, defendant had to file a motion "compelling plaintiff to

respond to defendant's first set of interrogatories and first request for production of documents"

(Dkt. No. 17 at 1) and adjusting the scheduling order accordingly.  Baldwin's counsel did not

oppose the motion in any substantive way, proffering instead that "I am a sole practitioner and

from time to time I get tied up on other cases.  Just this morning I settled the most complicated

case I have had in over 30 years of practicing law."  (Dkt. No. 21 at 1.)  The Court granted the

motion as essentially unopposed and issued an amended scheduling order. (Dkt. No. 23.) Months

later, Baldwin's counsel still had not produced the discovery in question, and defendant had to file

a second motion to compel and to extend the scheduling order. (Dkt. No. 24.) Baldwin's counsel

again did not oppose the motion on substance:

> I do not dispute receiving the demand for interrogatories in February of 2015.
> However, I am a sole-practitioner with over 100 cases, including a new very high
> profile case that has been extremely time consuming, and just recently had to hire
> an associate to help me complete my backlog of work. When this Court's previous
> order was signed, I thought I would be able to complete these discovery responses
> myself, however, I was not able to and it was at that time that I hired an associate.

(Dkt. No. 28 at 1.) By the time of oral argument, Baldwin's counsel had produced the discovery in

question. The Court denied the motion as moot and issued another scheduling order. (Dkt. Nos.

29, 30.)

Now a third motion to compel has arrived. (Dkt. No. 33.) Defendant asserted that

Baldwin's counsel did not deliver expert disclosure by April 4, 2016, the current deadline for such

discovery. Once again, Baldwin's counsel did not oppose the motion on substance. He apologized

for the delay, offered an explanation pertaining to mediation and an attempt to control costs, and

provided the delinquent expert disclosure within the response papers themselves. (*See generally*

Dkt. No. 36.) At oral argument on May 17, 2016, defendant acknowledged that the disclosures

are satisfactory but expressed frustration that motions to compel have become a regular and

necessary discovery tool.

The pending motion is mostly moot now, but because a new schedule is necessary and

because defendant included the residual request "for such other and further relief as the Court

may deem just or proper," the Court will address the continual delays and the need for a sanction.

"Law office failure rarely constitutes an excusable neglect . . . . Preoccupied and overworked staff does not establish excusable neglect, and neither does inadvertence." *Doroz v. TECT Utica Corp.*, No. 6:12-CV-391 MAD/ATB, 2013 WL 5786641, at \*4 (N.D.N.Y. Oct. 28, 2013) (internal quotation marks and citations omitted); *see also, e.g., Vincent v. House*, No. 07CV632A, 2009 WL 2913912, at \*5 (W.D.N.Y. Sept. 4, 2009) (Scott, M.J.) ("On the present record, the nondisclosure or delay in disclosure is not substantially justified.  Defendants only argue law office failure for not responding to date.").  The challenges of a solo practice are well known, and solo practitioners are no less valued for their contributions to the legal community, but solo practice by itself does not excuse procedural problems.  *See, e.g., Jones v. E. Hartford Police Dep't*, No. 3:13CV1007 WWE, 2014 WL 6783148, at \*1 (D. Conn. Dec. 2, 2014) ("Although the Court appreciates the burdens faced by many solo practitioners, particularly when compounded by a medical condition, this does not excuse [counsel's] complete neglect of all deadlines or her failure to respond to motions and court orders.  Here, [counsel] failed to respond to defendants' motion to compel, failed to fully comply with the Court's order granting defendants' motion to compel, failed to respond to defendants' motions for sanctions, and failed to heed the Court's warning that unless plaintiffs verified their interrogatory answers by November 10, 2014, they would be precluded from introducing into evidence any facts contained therein to support their claims."); *cf. Sforza v. City of New York*, No. 07CIV6122DLC, 2009 WL 857496, at \*8 (S.D.N.Y. Mar. 31, 2009) (refusing leave to amend where "pleading deficiencies were not the result of a single oversight, but rather the regrettable manifestation of a pattern of delay and neglect" by a solo practitioner).  The Court appreciates Baldwin's counsel's candor in addressing his discovery deficiencies and in apologizing

3

for them, but this case cannot be allowed to limp along one motion to compel at a time.  For now, the Court has decided that a public admonishment of Baldwin's counsel, Roland Cercone, will suffice as a sanction.  Counsel is cautioned, however, that unjustified delays in the future will force the Court to consider the next incremental sanction that may have the necessary deterrent effect.

The Court turns now to scheduling.  Defendant has requested a 60-day extension of all remaining deadlines; Baldwin has not objected.  Accordingly, the Court modifies the remaining deadlines as follows:

- Defendant will identify experts and provide written reports in compliance with Rule 26(a)(2) no later than August 2, 2016.  All expert discovery will end on or before September 2, 2016.

- All discovery will be completed by October 7, 2016.

- Any dispositive motions will be filed on or before November 22, 2016.  If no dispositive motions are filed then a Status Report on readiness for trial is due by December 6, 2016.  A Status Conference (if no motions had been filed) will occur on December 8, 2016 at 10:30 AM to confirm readiness for trial.

In accordance with Rule 16(b)(4), this Scheduling Order may be modified only for good cause and with the Court's consent.  Any request for modifications must come by a formally filed motion, preferably a joint motion when possible.  The Court cautions the parties that failure to follow a scheduling order can lead to sanctions under Rule 16(f).

## CONCLUSION

The Court grants the pending motion to compel (Dkt. No. 33) in part as explained above.

SO ORDERED.

_\_\_/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: June 2, 2016